1  JAIDEEP VENKATESAN, Bar No. 211386
   jvenkatesan@be-law.com
2  SARA PETERSEN GRAVES, Bar No. 226766
   spetersengraves@be-law.com
3  BERGESON, LLP
   2033 Gateway Place, Suite 300
4  San Jose, CA 95110-3715
   Telephone:  (408) 291-6200
5  Facsimile:   (408) 297-6000

6  Attorneys for Plaintiff,
   LIFE360, INC.

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11 | LIFE360, INC.,                          | Case No.

12 |                        Plaintiff,       |
                                             | **COMPLAINT FOR FALSE MARKING,**
13 |                                         | **TORTIOUS INTERFERENCE WITH**
                v.                           | **CONTRACT, INTENTIONAL**
14 |                                         | **INTERFERENCE WITH ECONOMIC**
   ADVANCED GROUND INFORMATION              | **ADVANTAGE, AND UNFAIR**
15 | SYSTEMS, INC.,                          | **COMPETITION**
                                             |
16 |                        Defendant.       |
                                             |
17 |                                         |
                                             | DEMAND FOR JURY TRIAL
18 |                                         |

19

20

21

22

23

24

25

26

27

28

NOW COMES Plaintiff Life360, Inc. ("Life360"), by and through its counsel, bringing this action against Defendant Advanced Ground Information Systems, Inc. ("AGIS"), alleging as follows:

1.     This is a civil action seeking remedies for false patent marking under 35 U.S.C. § 292, tortious interference with contract, tortious interference with prospective economic advantage and relations, and unfair competition.

## PARTIES

2.     Life360 is a business existing and organized under the laws of the State of Delaware with a principal place of business of 539 Bryant Street, Suite 402, San Francisco, California, 94107.

3.     AGIS is a business existing and organized under the laws of the State of Florida with a principal place of business at 92 Lighthouse Drive, Jupiter, Florida, 33469.

4.     On information and belief, AGIS conducts business in this District.  Life360 is a resident of this District and has been harmed in this District.

## JURISDICTION AND VENUE

5.     The Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 1367.

6.     The Court has personal jurisdiction over the Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b).  On information and belief, AGIS conducts business in this District.  Furthermore, AGIS engaged in tortious conduct directed to harm residents of this District, and has purposefully directed its activities to the State of California and/or purposefully availed itself of this jurisdiction.  Venue is proper in this District because, inter alia, a substantial part of the events and omissions giving rise to the claims occurred here, and because AGIS is subject to personal jurisdiction in this District.

## INTRADISTRICT ASSIGNMENT

7.     Assignment to this division is proper pursuant to Local Rule 3-2(c) and (e) because this action arises in the County of San Francisco as a substantial part of the events or omissions which give rise to the claims occurred in the County of San Francisco.

COMPLAINT FOR FALSE MARKING, TORTIOUS INTERFERENCE WITH CONTRACT, INTENTIONAL
INTERFERENCE WITH ECONOMIC ADVANTAGE, AND UNFAIR COMPETITION
Case No.:

## STATEMENT OF THE FACTS

8.      Life360 is a company that makes mobile software applications for connecting families.  Life360 makes a "mobile app" entitled Life360 Family Locator for Android, iPhone, and Windows mobile platforms, and makes this software and related services freely available to the public.  Using the Life360 Family Locator software, family members can view each other's locations on a map.

9.      AGIS is a company that owns several patents and is in the business of providing software for military, first responder, and law enforcement purposes.  *See* http://www.agisinc.com (last visited December 21, 2014).  AGIS sells a software product called LifeRing for platforms including, but not limited to, the Android operating system ("the LifeRing products").  *See id.*

10.     On May 13, 2014, AGIS, through its attorneys Kenyon & Kenyon, LLP, sent a cease and desist letter to Life360 accusing it of infringing at least four (4) patents and demanding a response within three (3) days ("the Demand Letter").  A copy of this letter is attached as Exhibit 1.

11.     In the Demand Letter, AGIS accused Life360 of infringing U.S. Patent No. 7,031,728 ("the '728 Patent"), U.S. Patent No. 7,672,681 ("the '681 Patent"), U.S. Patent No. 7,764,954 ("the '954 Patent"), and U.S. Patent No. 8,126,441 ("the '441 Patent") (collectively, "the Asserted Patents").  A copy of the '681 Patent is attached as Exhibit 3, and a copy of the '441 Patent is attached as Exhibit 4.

12.     In the Demand Letter, AGIS broadly contended that the Asserted Patents cover basic concepts such as showing the locations of users and "facilitating rapid communication among them," "enabling a user to change his profile across a network of users," "allowing maps to be downloaded from a network server," and "establishing a polling network among groups of users."  *See* Exhibit 1.

13.     On May 16, 2014, AGIS sued Life360 for alleged patent infringement in the U.S. District Court for the Southern District of Florida, accusing Life360 of infringing the Asserted Patents ("the AGIS Complaint").  A copy of the AGIS Complaint (without exhibits) is attached as Exhibit 2.

COMPLAINT FOR FALSE MARKING, TORTIOUS INTERFERENCE WITH CONTRACT, INTENTIONAL INTERFERENCE WITH ECONOMIC ADVANTAGE, AND UNFAIR COMPETITION
Case No.:

14.     In the AGIS Complaint, AGIS sought a permanent injunction against Life360 with respect to all four (4) Asserted Patents. *See* Exhibit 2.  AGIS continues to seek injunctive relief against Life360.

15.     Also on May 13, 2014, before the demand letter was sent, Life360 announced that The ADT Corporation ("ADT") invested $25,000,000 into Life360 as part of Life360's $50,000,000 Series C funding round ("the ADT investment").  A copy of this press release is attached as Exhibit 5.

16.     As part of the ADT investment, a contractual relationship arose between ADT and Life360 that included, among other conditions, ADT becoming a partial owner of Life360 and receiving a seat on the Board of Directors of Life360, and the prospective development of a new mobile app for ADT by Life360.

17.     AGIS released a newsletter in January 2014 Life360 ("AGIS January 2014 Newsletter"), claiming to have "two versions of LifeRing," one that "is specifically designed for Military use while the other is tailored for Commercial use," thus indicating that is expanding into the civil market and compete against Life360.  A copy of the AGIS January 2014 Newsletter is attached as Exhibit 9.

18.     Life360 is informed and believes that AGIS intends to extend the LifeRing products for the civilian market for both social networking and emergency purposes.

19.     Because the apparent "inventions" claimed in the asserted patents were conventional and well-known in the prior art as of the filing dates, the claims of the Asserted Patents include narrow and often arbitrary limitations that AGIS ignores in marking the LifeRing products with the Asserted Patents and in accusing Life360 of infringing the same.

20.     On and information and belief, Life360 does not infringe any claim of the Asserted Patents and all claims of the Asserted Patents are invalid under at least 35 U.S.C. §§ 102, 103, and 112.

/ / /

/ / /

/ / /

COMPLAINT FOR FALSE MARKING, TORTIOUS INTERFERENCE WITH CONTRACT, INTENTIONAL
INTERFERENCE WITH ECONOMIC ADVANTAGE, AND UNFAIR COMPETITION
Case No.:

# FIRST CAUSE OF ACTION

## FALSE MARKING

21.     Life360 re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22.     AGIS's "LifeRing Operator's Manual," dated December 2010, is attached as Exhibit 6 ("2010 LifeRing Manual").  The 2010 LifeRing Manual was made available to the public through AGIS's website.  *See* archived copy of the 2010 LifeRing Manual at https://web.archive.org/web/20111121064831/http://www.agisinc.com/AGIS_Operators_manual.pdf  (last visited January 12, 2014).  The 2010 LifeRing Manual is marked with the following patents: U.S. Patents No. 7,031,728, 7,630,724, 7,689,232, 7,672,681, 7,764,954, and 7,805,146.  *See* Exhibit 6.

23.     AGIS's "Android LifeRing Pocket Guide", currently made available on AGIS's website, is attached as Exhibit 7. *See* http://www.agisinc.com/Downloads/Manuals/AndroidPocketGuideMilitarySymbolsRev5.pdf  (last visited January 12, 2014).  The Android LifeRing Pocket Guide is marked with the following patents: U.S. Patent Nos. 7,031,728, 7,630,724, 7,689,232, 7,672,681, 7,764,954, 7,805,146, 7,853,273, 8,126,441, 8,131,298, 8,213,970, 8,364,129 and 8,538,393.  *See* Exhibit 7.

24.     AGIS's "LifeRing PC Pocket Guide," currently made available on AGIS's website, is attached as Exhibit 8.

*See* http://www.agisinc.com/Downloads/Manuals/PC_LifeRing_Training_Guide.pdf

(last visited January 12, 2014).  The LifeRing PC Pocket Guide is marked with the following patents: U.S. Patent Nos. 7,031,728, 7,630,724, 7,689,232, 7,672,681, 7,764,954, 7,805,146, 7,853,273, 8,126,441, 8,131,298, 8,213,970, and 8,538,393.  *See* Exhibit 8.

25.     On information and belief, software and other documentation related to AGIS's LifeRing products, in addition to the 2010 LifeRing Manual, the Android LifeRing Pocket Guide, and the LifeRing PC Pocket Guide (collectively, "the LifeRing Marked Materials"), are marked with numerous patents, including at least the '681 Patent and the '441 Patent.

/ / /

26. On information and belief, at least one of AGIS's patents included on one or more of the LifeRing Marked Materials do not cover any version of the LifeRing Product.

27. The '681 Patent is directed to a "[m]ethod of renaming soft switch controls in all participant's cell phones by an administrator" and includes three (3) independent claims. *See* Exhibit 3. All independent claims of the '681 Patent require the use of "software to create new or modify old symbols and associate the symbol to a new unused soft switch or a renamed existing soft switch and then downloading the new or renamed soft switch and the associated symbol to the cell phone and remote cell phone(s) so that the new or renamed soft switch and associated symbol can be used on the cell phone," or a similar limitation. *See* Exhibit 3.

28. On information and belief, the LifeRing products do not practice any claim of the '681 Patent for at least the reason that the LifeRing products do not allow users to create new or modify old symbols and associate the new or modified symbols with an unused or renamed existing soft switch.

29. The '441 Patent is directed to a "[m]ethod of establishing a cell phone network of participants with a common interest" and includes two (2) independent claims. *See* Exhibit 4. The independent claims of the '441 Patent include arbitrary and incoherent limitations that would make it difficult for anyone to practice the claims. *See* Exhibit 4. For example, independent claims 1 and 4 of the '441 Patent require a server that transmits "without any selection criteria or manual input of relationship data." *See* Exhibit 4.

30. On information and belief, the LifeRing products do not practice any claim of the '441 Patent for at least the reason that the LifeRing products do not practice the negative limitation of "transmitting . . . without any selection criteria or manual input of relationship data."

31. On information and belief, AGIS falsely marked the LifeRing Marked Materials with several patents, including but not limited to the '681 Patent and '441 Patent, that do not teach any claim that covers the LifeRing product(s) identified by the respective Marked Materials.

32. On information and belief, at the time that the LifeRing Marked Materials were published and distributed, AGIS knew that it did not practice any claim of at least one of the patents marked thereon.

33. On information and belief, AGIS has never had a reasonable belief that the products identified by the LifeRing Marked Materials were covered by at least one claim of each and every patent that is marked upon the same.

34. On information and belief, AGIS marks all of its products and related materials with its patents without regard for whether each and every marked patent includes a claim that covers those product(s).

35. On information and belief, AGIS falsely marked the LifeRing Marked Materials with the intent to deceive the public that its products were covered by the numerous patents marked thereon including, but not limited to, the '681 Patent and the '441 Patent.

36. On information and belief, AGIS falsely marked the LifeRing Marked Materials with the intent to stifle competition so that it could prospectively enter the commercial market and compete with Life360 and others.

37. AGIS's false marking has created the misconception that AGIS's LifeRing products practice its patents, and that AGIS is therefore entitled to injunctive relief for the infringement of the same and to prevent competitors from offering products that compete with the LifeRing products. As a result of this misconception, Life360 has suffered economic losses due to its existing investors being dissuaded from investing additional funds in Life360's Series C funding round at the asking price. In particular, and on information and belief, AGIS's false marking has caused a devaluation, or at least a perceived devaluation, of Life360.

38. AGIS's false patent marking has created the misconception that AGIS practices all of its patents and is therefore entitled to injunctive relief for the infringement of the same. As a result of this misconception, Life360 has been competitively injured by having to undergo considerable expense to defend itself from AGIS's lawsuit. The time and expense incurred by Life360 as a result of AGIS's infringement lawsuit has injured Life360 by hindering its efforts to compete in the market, and by allowing Life360's current competitors to obtain additional market share.

///

///

COMPLAINT FOR FALSE MARKING, TORTIOUS INTERFERENCE WITH CONTRACT, INTENTIONAL INTERFERENCE WITH ECONOMIC ADVANTAGE, AND UNFAIR COMPETITION
Case No.:

39.     AGIS's false marking has created the misconception that AGIS's LifeRing products practice its patents and that AGIS is therefore entitled to injunctive relief for the infringement of the same and to prevent competitors from offering products that compete with the LifeRing products.  Partially as a result of this misconception, and on information and belief, at least one potential investor of Life360 has chosen not to invest in Life360, thereby causing an economic loss for Life360.

40.     AGIS's false marking is likely to discourage others from commercializing competing products and to deter consumers from using competing products including Life360's products, thereby providing a market advantage to AGIS for prospective entry into the market.

41.     On information and belief, AGIS is asserting that the LifeRing products are covered by the Asserted Patents and is seeking injunctive relief against Life360 so that it can prevent Life360 from competing in its current market, allowing AGIS to introduce a mobile app for the general public and attempt to take at least a portion of Life360's market share.  On information and belief, AGIS's false marking is likely to allow AGIS, upon entering the market to compete with Life360, to gain a portion of Life360's market share or cause Life360 to lose a portion of its market share to existing competitors.

42.     As the direct result of AGIS's actions as herein alleged, Life360 was irreparably, materially and substantially harmed and damaged in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**

**TORTIOUS INTERFERENCE WITH CONTRACT**

43.     Life360 re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44.     Life360 and ADT formed a contractual relationship as part of the ADT investment that was announced on May 13, 2014.  The contractual relationship involved ADT becoming a partial owner of Life360, receiving a seat on the Board of Directors of Life360, and the prospective development of a new mobile app for ADT by Life360.

///

///

COMPLAINT FOR FALSE MARKING, TORTIOUS INTERFERENCE WITH CONTRACT, INTENTIONAL INTERFERENCE WITH ECONOMIC ADVANTAGE, AND UNFAIR COMPETITION
Case No.:

45.     AGIS had knowledge of the contractual relationship formed between Life360 and ADT at least as early as May 13, 2014 and, on information and belief, had knowledge of Life360's contractual relationships or prospective contractual relationships in the home security market earlier than that date.

46.     After suing Life360 for alleged infringement of the Asserted Patents, AGIS communicated with ADT and, on information and belief, threatened ADT with a lawsuit for patent infringement arising out of ADT's partnership with Life360 and ADT's own mobile app, Canopy.

47.     On information and belief, AGIS acted intentionally to induce a breach or disruption of the contractual relationship between Life360 and ADT, and to thereby pressure Life360 into settling a meritless lawsuit.

48.     AGIS's interactions with ADT pressured Life360 into having to choose between settling the AGIS lawsuit and suffering adverse consequences from having to explain its reasons for not doing so to ADT.

49.     AGIS's interactions with ADT disrupted the relationship between Life360 and ADT by pressuring Life360 into settling the AGIS lawsuit so as to not disrupt its contractual relationship with ADT.

50.     If not for AGIS's intentional interference, the contractual relationship between Life360 and ADT would not have been disrupted and, on information and belief, ADT would have potentially invested additional capital into Life360 and/or decided to maintain a seat on Life360's Board of Directors.

51.     The aforementioned acts of AGIS constitute a tortious interference with contractual relations.

52.     As the direct result of AGIS's actions as alleged herein, Life360 has been irreparably, materially, and substantially harmed and damaged in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### INTENTIONAL INTERFERENCE WITH
### PROSPECTIVE ECONOMIC RELATIONS

53.     Life360 re-alleges and incorporates herein by reference each and every allegation

contained in paragraphs 1 through 52 of this Complaint as if fully set forth herein.

54.     Life360 and ADT formed a contractual relationship as part of the ADT investment that was announced on May 13, 2014.  The contractual relationship involved ADT becoming a partial owner of Life360, receiving a seat on the Board of Directors of Life360, and the prospective development of a new mobile app for ADT by Life360.

55.     AGIS had knowledge at least as early as May 13, 2014 of the contractual relationship formed between Life360 and ADT and the resulting prospective economic relations arising out of such contractual relationship.  On information and belief, AGIS had knowledge of Life360's contractual relationships or prospective contractual relationships in the home security market earlier than that date.

56.     After suing Life360 for alleged infringement of the Asserted Patents, AGIS communicated with ADT and, on information and belief, threatened ADT with a lawsuit for patent infringement arising out of ADT's partnership with Life360 and ADT's own mobile app, Canopy.

57.     On information and belief, AGIS's communications with ADT misrepresented the scope of AGIS's patents, Life360's potential liability, ADT's potential liability, and whether the AGIS's patents were being practiced by AGIS.

58.     On information and belief, AGIS acted intentionally to interfere with the prospective economic relations between Life360 and ADT, and to thereby pressure Life360 into settling a meritless lawsuit.

59.     AGIS's interactions with ADT pressured Life360 into having to choose between settling the AGIS lawsuit and suffering adverse consequences from having to explain its reasons for not doing so to ADT.

60.     AGIS's interactions with ADT disrupted the relationship between Life360 and ADT by pressuring Life360 into settling the AGIS lawsuit so as to not disrupt its contractual relationship with ADT.

/ / /

/ / /

/ / /

- 9 -

61.     On information and belief, if not for AGIS's intentional interference, ADT would have potentially invested additional capital into Life360 and/or decided to maintain a seat on Life360's Board of Directors.  On information and belief, AGIS's intentional interference was a substantial factor in causing this harm to Life360.

62.     The aforementioned acts of AGIS constitute a tortious interference with prospective economic advantage and relations.

63.     As the direct result of AGIS's actions as alleged herein, Life360 has been irreparably, materially, and substantially harmed and damaged in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, et seq.**

64.     Life360 re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 63 of this Complaint as if fully set forth herein.

65.     AGIS's conduct, as described above and incorporated by reference herein, constitutes unlawful, unfair, and/or fraudulent business practices in violation of California Business & Professions Code sections 17200, et seq, including by falsely marking the LifeRing products with the Asserted Patents in violation of 35 U.S.C. § 292 so as to falsely represent that the LifeRing products practice one or more of the Asserted Patents; by falsely representing that its products practice one or more of the Asserted Patents to Life360's investors; and seeking to disrupt Life360's contractual relationships.  AGIS's conduct ultimately threatens or harms consumers and competitors and competition in the market for mobile software security applications.

66.     By reason of, and as a direct and proximate result of AGIS's unfair, fraudulent, and unlawful conduct, as described herein, Life360 has suffered and will continue to suffer financial injury in an amount to be determined at trial.

67.     A permanent and mandatory injunction against AGIS is necessary to stop these ongoing unlawful, fraudulent, and unfair business practices.

68.     Life360 is entitled to disgorgement and/or restoration of any and all revenues, earnings, profits, compensation, and benefits AGIS has obtained in violation of California

COMPLAINT FOR FALSE MARKING, TORTIOUS INTERFERENCE WITH CONTRACT, INTENTIONAL
INTERFERENCE WITH ECONOMIC ADVANTAGE, AND UNFAIR COMPETITION
Case No.:

1   Business and Professions Code §§17200 et seq.

2   **PRAYER FOR RELIEF**

3   WHEREFORE, Life360 demands judgment be entered against AGIS and in favor of

4   Life360, and for damages as follows:

5   (a)   that AGIS be found to have committed false patent marking in

6   violation of 35 U.S.C. § 292;

7   (b)   that AGIS be found to have intentionally interfered with Life360's

8   contractual relations;

9   (c)   that AGIS be found to have intentionally interfered with Life360's

10   prospective economic advantage and relations;

11   (d)   that AGIS be found to have engaged in acts of unfair competition;

12   (e)   that AGIS be preliminarily and permanently enjoined and restrained

13   from continuing its acts of false patent marking, its interference with

14   Life360's contractual relations, its interference with Life360's

15   prospective economic advantage and relations, and acts of unfair

16   competition;

17   (f)   that AGIS be ordered to pay Life360 actual damages for its acts;

18   (g)   that AGIS be ordered to pay Life360's costs and reasonable

19   attorneys' fees as provided by 35 U.S.C. § 285 and 28 U.S.C. §

20   1920; and

21   (h)   that Life360 be awarded such further relief as the Court may deem

22   just and proper.

23   Date:  January 12, 2015                              BERGESON, LLP

24

25

                                              /s/
26                                        Jaideep Venkatesan

27                                     Attorneys for Plaintiff
                                       LIFE360, INC.
28                                           - 11 -
─────────────────────────────────────────────────────────────────
COMPLAINT FOR FALSE MARKING, TORTIOUS INTERFERENCE WITH CONTRACT, INTENTIONAL
INTERFERENCE WITH ECONOMIC ADVANTAGE, AND UNFAIR COMPETITION
Case No.:

1

## **DEMAND FOR JURY TRIAL**

2          Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Rule 3-6(a) of the

3  Local Rules of the United States District Court for the Northern District of California, plaintiff

4  Life360, Inc. demands a trial by jury of this action.

5

6  Date:  January 12, 2015                    BERGESON, LLP

7

8                                        _____/s/_____
                                              Jaideep Venkatesan
9
                                         Attorneys for Plaintiff
10                                       LIFE360, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR FALSE MARKING, TORTIOUS INTERFERENCE WITH CONTRACT, INTENTIONAL
INTERFERENCE WITH ECONOMIC ADVANTAGE, AND UNFAIR COMPETITION
Case No.: