KIEVE LAW OFFICES
  Loren Kieve (Bar No. 56280)
  lk@kievelaw.com
5A Funston Avenue
The Presidio of San Francisco
San Francisco, California  94129-1110
Telephone:     (415) 364-0060
Facsimile:     (435) 304-0060

Counsel for defendant
Advanced Ground Information Systems, Inc.

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIFE360, Inc.,<br><br>            Plaintiff,<br><br>     vs.<br><br>ADVANCED GROUND INFORMATION SYSTEMS, INC.,<br><br>            Defendant. | Case No. 5:15-cv-00151 BLF<br><br>**Notice of Motion and Motion to Dismiss for Lack of Proper Service of Process and Lack of Jurisdiction**<br><br>**Date and Time: June 25, 2015 at 9:00 a.m.** |

Please take notice that defendant Advanced Ground Information Systems, Inc. ("AGIS") will (and hereby does) move at 9:00 a.m. on Thursday, June 25, 2015 to dismiss this action for (a) lack of proper service of process and (b) lack of jurisdiction.

AGIS seeks an order dismissing the action (a) for lack of proper service of process, and (b) for lack of jurisdiction.

Motion to Dismiss                                                                                    Case No. 5:15-cv-00151 BLF

*Points and Authorities*

**Statement of Issues:**

Whether the action should be dismissed because (1) the amended complaint was not served on a person authorized to accept service of process on AGIS and (2) AGIS is not subject to personal jurisdiction in California.

**Relevant Facts:**

As set forth in the supporting declaration of Michelle Morris, a process server purported to serve the amended complaint on her. She was not and is not authorized to accept service of process on AGIS.

As set forth in the supporting declaration of Malcolm K. Beyer, Jr., AGIS has no relevant or minimum contacts with California to sustain either general or specific jurisdiction. To wit:

- AGIS was incorporated in the state of Florida in 2004. AGIS's principal place of business is 92 Lighthouse Drive, Jupiter, Florida 33469. AGIS has maintained that location as its principal place of business since its formation in 2004.
- AGIS is not registered to do business in California.
- AGIS has no offices in California.
- AGIS has no employees in California and no current AGIS employee lives or works in California.
- AGIS does not do business in California.
- No AGIS documents are located in California.
- AGIS has never made any sales in California.
- There has never been a purchase order for any of AGIS's software from an organization with a California address.

Motion to Dismiss 2 Case No. 5:15-cv-00151 BLF

*Argument:*

**I.     The action should be dismissed for lack of proper service.**

Fed. R. Civ. P. 12(b)(5) permits a defendant to assert the defense of insufficient service of process by motion. Serving a corporation, partnership, or association requires delivery of a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized to receive service of process. Fed. R. Civ. P. 4(h)(1)(B).

Life360's process server served the amended complaint on Michelle Morris who, as her declaration confirms, was not authorized to receive it on behalf of AGIS. The action should therefore be dismissed. *Surefire, LLC v. Casual Home Worldwide, Inc.,* No. 12CV125-IEG MDD, 2012 WL 2417313, at *3 (S.D. Cal. June 26, 2012).

**II.    The action should also be dismissed for lack of jurisdiction.**

As set forth in the supporting declaration of Malcolm K. Beyer, Jr., cited above, AGIS has no relevant or minimum contacts with California to sustain either general or specific jurisdiction.

Although the amended complaint alleges [in ¶ 6] that "[o]n information and belief, AGIS conducts business in this District," the Beyer declaration establishes that this is not so. Likewise, despite the amended complaint's bare allegation [also in ¶ 6] that "a substantial part of the events and omissions giving rise to the claims occurred here," that also is not true. Nothing in the rest of the amended complaint suggests that AGIS did anything in California that would subject it to jurisdiction here.

As in *Walden v. Fiore,* __ U.S. __, 134 S. Ct. 1115, 1124, 188 L. Ed. 2d 12 (2014), "[i]t is undisputed that no part of [AGIS's] course of conduct occurred in [California]." "In short, when viewed through the proper lens—whether the defendant's actions connect him to the forum— [AGIS] formed no jurisdictionally relevant contacts with [California]. *Id.*

And [AGIS's] actions in [Florida, where it is domiciled] did not create sufficient contacts with [California] simply because [it] allegedly directed [its] conduct at plaintiff[] whom [it] knew had [California] connections. Such reasoning improperly attributes a plaintiff's forum connections

Motion to Dismiss                                    3                          Case No. 5:15-cv-00151 BLF

to the defendant and makes those connections "decisive" in the jurisdictional analysis. *See Rush, supra*, at 332, 100 S.Ct. 571. It also obscures the reality that none of [AGIS's] challenged conduct had anything to do with [California] itself." *Id.,* 134 S. Ct. at 1125.

As the Supreme Court concluded in *Walden v. Fiore*, here too,

> Well-established principles of personal jurisdiction are sufficient to decide this case. The proper focus of the "minimum contacts" inquiry in intentional-tort cases is " 'the relationship among the defendant, the forum, and the litigation.' " <u>Calder</u>, 465 U.S., at 788, 104 S.Ct. 1482. And it is the defendant, not the plaintiff or third parties, who must create contacts with the forum State. In this case, the application of those principles is clear: [AGIS's] relevant conduct occurred entirely in [Florida] and the mere fact that [its] conduct affected plaintiff[] with connections to the forum State does not suffice to authorize jurisdiction.

*Id.*, 134 S. Ct.at 1126.

1. ***There is no general jurisdiction over AGIS.***

AGIS is a Florida corporation with its principal place of business in Florida. It does not engage in any meaningful business in California. *See* Beyer decl. *passim*. AGIS's "affiliations with the State are" in no respects "so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, __ U.S. __, 134 S. Ct. 746, 761, 187 L. Ed. 2d 624 (2014). The courts of California therefore cannot exercise general jurisdiction over AGIS. *Id.*

2. ***There is no specific jurisdiction over AGIS.***

Nothing was allegedly done in California that relates to the plaintiff's claims. *Id.,*134 S. Ct. at 761 (specific "jurisdiction can be asserted where a corporation's in-state activities are not only "continuous and systematic, but also give rise to the liabilities sued on") (citing *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement,* 326 U.S. 310, 317 (1945)); *see also Adobe Sys. Inc. v. Tejas Research, LLC.,* No. C-14-0868 EMC, 2014 WL 4651654, at *7 (N.D. Cal. Sept. 17, 2014) ("Tejas' enforcement actions against California entities in other states and its

Motion to Dismiss                                    4                          Case No. 5:15-cv-00151 BLF

non-exclusive licensing agreements with a handful of California entities does not establish sufficient contacts for the exercise of personal jurisdiction in this matter.").

By the same token, AGIS's alleged communications from Florida to Life360 in California do not confer jurisdiction in California. *Square, Inc. v. Morales,* No. C 13-01431 SBA, 2013 WL 6199281, at *5 (N.D. Cal. Nov. 27, 2013) ("the act of threatening a party with an infringement lawsuit in an 'infringement letter,' standing alone, is insufficient to establish personal jurisdiction") (citations omitted); *Int'l Electronics, Inc. v. Human Electronics, Inc.,* 320 F. Supp. 2d 1085, 1088 (W.D. Wash. 2004) ("it is established that the sending of letters threatening infringement litigation does not, without more, confer personal jurisdiction") (citations omitted).

### *Conclusion*

This action should be dismissed for insufficiency of process under Fed. R. Civ. P. 12(b)(5) and the complaint and this action should be dismissed for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).

Dated: March 18, 2015

KIEVE LAW OFFICES

By /s/ Loren Kieve
Loren Kieve (Bar No. 56280)

Counsel for defendant
Advanced Ground Information Systems, Inc.