JAIDEEP VENKATESAN, Bar No. 211386
jvenkatesan@be-law.com
SARA PETERSEN GRAVES, Bar No. 226766
spetersengraves@be-law.com
BERGESON, LLP
2033 Gateway Place, Suite 300
San Jose, CA 95110-3715
Telephone: (408) 291-6200
Facsimile:  (408) 297-6000

Attorneys for Plaintiff
LIFE360, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIFE360, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADVANCED GROUND INFORMATION SYSTEMS, INC., <br><br> Defendant. | Case No. 5:15-cv-00151-BLF <br><br> **PLAINTIFF LIFE360, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY** <br><br> Date: June 25, 2015 <br> Time: 9:00 a.m. <br> Judge: Hon. Beth Labson Freeman <br> Dept.: Courtroom 3, 5th Floor <br><br> Complaint Filed: January 15, 2015 <br> Trial Date:  None Set |

1  TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that, on June 25, 2015 at 9:00 a.m., in Courtroom 3, 5th Floor, located at 280 S. First Street, San Jose, California, Plaintiff Life360, Inc. ("Life360") will move and hereby does move the Court for an Order granting Life360 leave to conduct jurisdictional discovery to enable Life360 to obtain necessary information to respond to the pending motion to dismiss filed by defendant Advanced Ground Information Systems, Inc. ("AGIS").

Life360 respectfully requests that the Court order AGIS to provide jurisdictional discovery to Life360 for purposes of resolving AGIS's Motion to Dismiss for Lack of Proper Service of Process and Lack of Jurisdiction ("the Motion to Dismiss") filed on March 18, 2015 (Dkt. 19). Life360's Motion is made pursuant to Fed. R. Civ. Proc. 26(d)(1) and on the grounds that (1) AGIS has moved the Court to dismiss this Action against it based on purported lack of personal jurisdiction; (2) AGIS submitted a declaration by Malcom K. Beyer in support of its motion disputing facts alleged in Life360's First Amended Complaint; and (3) Life360 is entitled to further establish in discovery the nature and extent of AGIS's disputed contacts with this forum in order to adequately respond to AGIS's motion. While Life360 submits that the record is sufficient to merit denial of the Motion to Dismiss, Life360 requests leave to take jurisdictional discovery should the Court believe that additional facts are necessary to resolve the Motion to Dismiss. Life360's present motion also is made in view of the Court's statement that it will consider whether it can decide AGIS's Motion to Dismiss without oral argument and in advance of the April 30, 2015 Case Management Conference. To the extent that the Court wishes to decide the Motion to Dismiss expeditiously and before the hearing on the Motion to Dismiss, Life360 requests permission to obtain discovery on an expedited basis and is prepared to file the appropriate motion to do so.

This motion is based on the attached memorandum of points an authorities, the Declaration of Jaideep Venkatesan in support of this motion, the Declarations of Jaideep Venkatesan and Chris Hulls in support of Life360's Opposition to the Motion to Dismiss, the Court's record in this action, all matters of which the Court may take notice, and any other evidence and oral arguments presented at the hearing of the motion or requested by the Court.

1  Date: April 1, 2015                                    BERGESON, LLP

3                                                          /s/
                                                    Jaideep Venkatesan

                                                    Attorneys for Plaintiff
                                                    LIFE360, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. ISSUES TO BE DECIDED

Whether Life360 should be granted leave of Court to obtain the requested narrow jurisdictional discovery of AGIS so that Life360 may have the opportunity to present pertinent facts of AGIS's contacts with this forum that are disputed by the declaration of Malcolm K. Beyer in support of AGIS's Motion to Dismiss.

## II. INTRODUCTION

AGIS's Motion to Dismiss is based solely on the declaration of Malcolm K. Beyer, which states that AGIS does not do business in California and has not made any sales to a customer with a California business address. These assertions are belied by the record of AGIS's contacts with California, which includes the sales of AGIS's LifeRing application to customers in California, testing of LifeRing in California, software development and marketing in California by California company Green Hills Software on AGIS's behalf, and the recent offering of Hounddog, a free software application that can be downloaded anywhere in the United States, including California. This evidence reveals that Beyer's declaration is false, and that AGIS in fact has done business in California and has had jurisdictionally sufficient contacts with California. Because Life360 has met the standard for obtaining jurisdictional discovery in the Ninth Circuit, Life360 requests leave to take such discovery and reveal the true extent of AGIS's contacts with California.

## III. FACTUAL BACKGROUND

On January 12, 2015, Life360 filed a Complaint for False Marking, Tortious Interference with Contract, Intentional Interference with Contract, and Unfair Competition against AGIS. On January 26, 2015, Life360 filed a First Amended Complaint ("FAC") against AGIS, alleging the same causes of action. The FAC is based in part on Life360's allegations that AGIS offers for sale LifeRing, a software application that is falsely marked with AGIS's patents and that competes with Life360's Family Locator app. FAC, ¶¶ 21-43. Life360 also alleges that AGIS interfered with Life360's contractual relationship with its investor the ADT Corporation ("ADT"), including by threatening ADT with an infringement lawsuit to put pressure on Life360 in the patent infringement lawsuit AGIS filed against Life360 in the Southern District of Florida (the "Florida

Litigation".) *Id.*, ¶¶44-53.

On March 18, 2015, AGIS filed its Motion to Dismiss. AGIS's Motion to Dismiss is based on its assertion of insufficient service of process and a lack of personal jurisdiction. AGIS's motion is based on the declaration of its CEO and Chairman of the Board Malcolm K. Beyer, who asserts that:

- AGIS does not do business in California
- No AGIS documents are located in California
- AGIS has never made any sales in California, and
- To Beyer's knowledge, there has never been a purchase order for any of AGIS's software from an organization with a California address.

These assertions are belied by the record, as explained in Life360's Opposition to AGIS's Motion to Dismiss. While AGIS is based in Florida, it has been deeply involved in the important California market. AGIS offers the LifeRing product, a software application for military, first responder, and law enforcement purposes. FAC, ¶9. Its products now also include Hounddog, a software application directed to the civilian market that is available for download in California. Declaration of Jaideep Venkatesan in support of Opposition to Motion to Dismiss ("Venkatesan Opposition Decl."), ¶3.

AGIS also actively sold its software application to a governmental customer in California, which it emphasized at trial in the Florida Litigation. *See* Declaration of Chris Hulls in Support of Opposition to Motion to Dismiss ("Hulls Decl."), Ex. A (3/9/15 Trial Tr., at 146:15-22) (AGIS president Sandel Blackwell discussing exercises performed in San Diego with the Department of Defense, and noting that the customer was "really happy how LifeRing worked"). AGIS also introduced in the Florida Litigation a letter from the Department of Defense in San Diego that thanked AGIS for its cooperation. *See Id.*, Ex. B.

In a February 2014 Newsletter, available on AGIS's website, AGIS boasted about its field tests at Camp Roberts, California and noted that this is a regular activity for AGIS in California See Hulls Decl., Ex. C. ("AGIS was, *once again*, proud to be a participant at the most recent event.") (emphasis added). AGIS also employs a firm, Green Hills Software, based in Santa

Barbara, California. See *Id.*, Ex. D. Through Green Hills Software, AGIS promotes, markets, and potentially conducts other business in California. *Id.* For example, at the MILCOM 2013 conference in California, Green Hills Software promoted AGIS's LifeRing software. *Id.* On November 18, 2013, AGIS and Green Hills Software issued a joint press release announcing "a strategic partnership" to offer LifeRing on secure devices. *Id.* In particular, AGIS's and Green Hills Software's partnership involves the marketing and sale of Android devices using Green Hills Software's INTEGRITY technology and running AGIS's LifeRing product. *See id.*

Mr. Beyer's declaration was carefully drafted to give the appearance that AGIS has no contacts with California but avoid mention of the above facts AGIS introduced at the trial in the Florida Litigation. Mr. Beyer makes the vague statement that "AGIS does not do business in California" – without explaining what AGIS believes "doing business" in California is and omitting AGIS's sales to a government entity in California, software development and marketing in California through a California company, and testing in California. Declaration of Malcom K. Beyer, Jr ("Beyer Decl."), ¶6. Mr. Beyer also states that "there has never been a purchase order for any of AGIS's software from an organization with a California address" – allowing AGIS to conveniently ignore its contracts with government entities that extensively use the LifeRing application in California. *Id.* at 10. By using the term "sales", AGIS is able to ignore any downloads of its free Hounddog software – or downloads of LifeRing for testing or other use in California. AGIS and Mr. Beyer omit important evidence of AGIS's contacts with California – evidence that is central to jurisdiction challenge raised in its Motion to Dismiss.

IV.  **LIFE 360 IS ENTITLED TO TAKE JURISDICTIONAL DISCOVERY**

Discovery may be granted where "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Data Discovery, Inc. v. Systems Tech Assocs.*, Inc. 557 F.2d 1280, 1285 n.1 (9th Cir. 1977); *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977) (vacating district court's refusal to grant jurisdictional discovery). The Ninth Circuit has held that discovery should be allowed so that the Court may have a complete factual record regarding the issue of jurisdiction. *See Harris Rutsky & Co. Ins. Services v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003) ("a

remand will be necessary to allow [plaintiff] the opportunity to develop the record and make a prima facie showing of jurisdictional facts"); *Chan v. Society Expeditions*, 39 F.3d 1398, 1406 (9th Cir. 1994) (remanding to district court for jurisdictional discovery due to insufficient factual record regarding personal jurisdiction). The Court is vested with broad discretion in granting jurisdictional discovery. *Data Discovery*, 557 F.2d at 1285 n.1. Moreover, to establish an entitlement to jurisdictional discovery, plaintiffs need not make a prima facie case of jurisdiction, but can simply demonstrate the existence of factual disputes the resolution of which is pertinent to the jurisdictional question. *See Focht v. Sol Melia S.A.*, No. C-10-0906 EMC, 2010 U.S. Dist. LEXIS 92027, *6 (N.D. Cal. Aug. 9, 2010) ("[T]he fact that the Ninth Circuit has adopted a prima facie standard for deciding the merits of the jurisdiction issue indicates that a lesser showing is required in order for a plaintiff to obtain jurisdictional discovery in the first place."); *Calix Networks, Inc. v. Wi-LAN Inc.*, No. C-09-06030-CRB (DMR), 2010 U.S. LEXIS 97657, at *10 (N.D. Cal. Sept. 8, 2010) (confirming that a "plaintiff need not make out a prima facie case of personal jurisdiction before it can obtain jurisdiction discovery"); *Internet Archive v. Shell*, No. C 06-00397 JSW, 2006 U.S. Dist. LEXIS 33351 (N.D. Cal. May 17, 2006) (granting motion for expedited jurisdictional discovery). Indeed, one district court in California concluded that defendants face a "high burden" to prevent jurisdictional discovery and that "[d]iscovery should be denied only where 'it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670, 674-75 (S.D. Cal. 2001) (*quoting Wells Fargo*, 556 F.2d at 430 n. 24).

AGIS cannot meet the high burden necessary to deny Life360 jurisdictional discovery. While Life360 believes that the evidence it has submitted in connection with its opposition to the Motion to Dismiss is sufficient to make a prima facie case that this Court can exercise personal jurisdiction over AGIS, Life360 has more than met the lesser showing required to entitle it to jurisdictional discovery. Life360 seeks only limited discovery to provide further evidence of the contacts it has already established between AGIS and California. Through the Beyer declaration, AGIS has baldly stated that it does no business in California, and the artfully worded declaration implies that AGIS has not sold any products in California. Left unsaid is AGIS's involvement in

the California market by providing its LifeRing application to government entities for extensive testing and use in California, and its offering of Hounddog for download in California. Life360 has demonstrated that certain assertions in the Beyer declaration are false; it is entitled to test the declaration's other vaguely worded statements designed to evade California jurisdiction. *See Orchid Biosciences,* 198 F.R.D. at 674 (jurisdictional discovery allowed to determine whether defendant's affidavit disclosed all contacts with the State of California that could be relevant to the jurisdictional analysis).

The requested jurisdictional discovery will provide additional evidence of AGIS's contacts with California, including all sales and downloads of LifeRing and Hounddog in California; software development and marketing of these products in California; and other contacts of AGIS and its principal, Beyer, in California. It is likely that this discovery will reveal additional California contacts that AGIS failed to disclose in the Beyer declaration. *Orchid Biosciences*, 198 F.R.D. at 674-75 (granting limited jurisdictional discovery where defendants filed a motion to dismiss based on lack of jurisdiction, explaining the "Court is unpersuaded that further discovery would not reveal additional facts not contained in [defendant's] affidavit (or further define what is meant by the facts addressed in the affidavit) that might be sufficient to constitute a basis for jurisdiction.").

In this motion, Life360 requests that it be allowed to serve the following narrow discovery: (1) 16 Requests for production; (2) 9 interrogatories; (3) a deposition of AGIS limited to the issue of AGIS's contacts with California. See Declaration of Jaideep Venkatesan in support of Motion for Leave to Conduct Jurisdictional Discovery, Exs. A-C. The discovery sought is relevant to the jurisdictional question and will reveal whether AGIS has disclosed all relevant facts in the Beyer declaration, including as to the sale, download, and use of the LifeRing and Hounddog applications in California by entities present in California (but with a "business address" located elsewhere); AGIS's contracts with California companies to develop and market its LifeRing and Hounddog applications; and Beyer's own travel to California on behalf of AGIS. Life360's proposed discovery is narrowly tailored to the jurisdictional question.

To the extent that the Court wishes to decide AGIS's Motion to Dismiss without oral argument and in advance of the April 30, 2015 status conference, see Dkt. 22, Life360 requests that it be given leave to take expedited discovery and is prepared to file the appropriate motion to do so.

## V. CONCLUSION

For the foregoing reasons, Life360 respectfully requests that the Court grant its Motion for Leave to Take Jurisdictional Discovery.

Date: April 1, 2015                                     BERGESON, LLP

_____/s/_____
Jaideep Venkatesan

Attorneys for Plaintiff
LIFE360, INC.