# EXHIBIT A

# TO

## DECLARATION OF JAIDEEP VENKATESAN IN SUPPORT OF PLAINTIFF LIFE360, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY

JAIDEEP VENKATESAN, Bar No. 211386
jvenkatesan@be-law.com
SARA PETERSEN GRAVES, Bar No. 226766
spetersengraves@be-law.com
BERGESON, LLP
2033 Gateway Place, Suite 300
San Jose, CA 95110-3715
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

Attorneys for Plaintiff
LIFE360, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIFE360, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED GROUND INFORMATION SYSTEMS, INC.,<br><br>Defendant. | Case No. 5:15-cv-00151-BLF<br><br>**PLAINTIFF LIFE360, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS ADVANCED GROUND INFORMATION SYSTEMS, INC.**<br><br>Complaint Filed: January 15, 2015<br>Trial Date: None Set |

|   |   |
|---|---|
| PROPOUNDING PARTY: | Plaintiff LIFE360, INC. |
| RESPONDING PARTY: | Defendants ADVANCED GROUND INFORMATION SYSTEMS, INC. |
| SET NUMBER: | ONE (1) |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Life360, Inc.("Life360" or "Plaintiff") hereby demands that within thirty days of service herein, at the offices of Life360, Inc.'s attorneys of record, Bergeson, LLP, located at 2033 Gateway Place, Suite 300, San Jose, CA 95110, defendants Advanced Ground Information Systems, Inc. ("AGIS" or collectively "Defendants") produce for inspection and photocopying the originals, or, if the originals are unavailable, copies of the documents and materials described in this First Set of Requests for Production, which documents and materials are in the possession, custody and control of AGIS or any of its present or former officers, directors, employees, agents, or representatives, including, but not limited to, its attorneys.

## DEFINITIONS

1. "ANY" as used herein shall mean any and all.

2. "COMMUNICATIONS" as used herein shall mean ANY DOCUMENT, oral statement, meeting, or conference, formal or informal, at ANY time or place, and under ANY circumstances whatsoever, whereby information of ANY nature was stated, written, recorded, or in ANY manner transmitted or transferred.

3. "DOCUMENT" or "DOCUMENTS" as used herein shall mean all handwritten, printed, graphic, typed, electronically recorded, sound recorded, or computer readable materials, or other recorded or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated, assimilated, or made in any form that is or was in YOUR actual or constructive possession, custody, or control, whether the original, draft, carbon, photographic, or other copy, reproduction, or facsimile thereof, including, but not limited to, any and all documents as that term is defined in Rule 34 of the Federal Rules of Civil Procedure, correspondence, lab notebooks, notes, e-mail, engineering reports, memos, research reports, research proposals, product proposals, product reports,

technical articles, presentations, development, specifications, drawings, sketches, design document, schematic diagrams, block diagrams, electrical diagrams, mechanical drawings, flow charts, formulas, photographs, images, bill of materials, records, files, writings, letters, minutes, advertisements, publications, mailgrams, telegrams, bulletins, instructions, resolutions, charts, literature, work assignments, reports, brochures, memoranda, notations of telephone or personal conversations or conferences, telephone messages, transcripts, price lists, contracts, agreements, checks, canceled checks, interoffice communications, calendars, daytimers, diaries, logs, notes, notebooks, ledgers, cards, drafts, microfilm, microfiche, circulars, pamphlets, studies, notices, summaries, reports, books, invoices, graphs, diagrams, photographs, data sheets, data compilations, computer data sheets, computer data compilations, computer disks, computer printouts, worksheets, records, statistics, speeches, and any other writings, tapes, sound records, or data compilations from which information can be obtained or can be translated through detection devices into reasonably useable form, and any other document, recording, tangible thing, or photograph. The term "DOCUMENT(S)" shall also mean each copy which is not identical to the original, or to any other identified copy, and all drafts and notes (whether typed, handwritten, or otherwise) made or prepared in connection with such DOCUMENTS, whether used or not.

4. "REFER OR RELATE TO" or "REFERRING OR RELATING TO" as used herein shall mean ANY documents which comprise, explicitly or implicitly, refer to, were reviewed in conjunction with, or were generated as a result of or in connection with, the subject of the request.

5. "PERSON" or "PERSONS" as used herein shall mean and include natural persons, governmental entities and agencies, proprietorships, partnerships, corporations, and all other forms of organization or association.

6. "LIFE360" as used herein shall refer to plaintiff Life360, Inc., and the past and present employees, attorneys, agents, officers, directors, and shareholders of LIFE360, and ANY predecessor or successor in interest of LIFE360.

7.     "YOU," "YOUR," or "AGIS" as used herein shall refer to defendant Advanced Ground Information Systems, Inc., and the past and present employees, attorneys, agents, officers, directors, and shareholders of AGIS, and ANY predecessor or successor in interest of AGIS.

8.     BEYER as used herein shall mean and refer to Malcom K. Beyer, Chief Executive Officer and Chairman of the Board of Directors of AGIS.

9.     LIFERING shall mean and refer to the LifeRing application as described on the website www.agisinc.com

10.    HOUNDDOG shall mean and refer to the Hounddog application offered by AGIS.

**INSTRUCTIONS**

1.     When producing the DOCUMENTS, designate which DOCUMENTS are being produced in response to each of the following requests, and if a request contains sub-categories, designate which DOCUMENTS are being produced in response to each sub-category.

2.     If YOU withhold under claim of privilege DOCUMENTS which are responsive to this DOCUMENT request, please provide the following information as to each withheld DOCUMENT:

    (a)   The subject of the DOCUMENT;

    (b)   The title, heading, or caption of the DOCUMENT, if any;

    (c)   The identifying number(s), letter(s), or combination thereof, if any, and the significance or meaning of such number(s), letter(s) or combination thereof;

    (d)   The date appearing on the DOCUMENT, or if no date appears thereon, the date or approximate date on which the DOCUMENT was prepared;

    (e)   The general nature or description of the DOCUMENT (*i.e.*, whether it is a letter, memorandum, minutes of a meeting, etc.) and the number of pages of which it consists;

    (f)   The identity of the PERSON who signed the DOCUMENT, and, if it was not signed, the identity of each PERSON who prepared it;

    (g)   The identity of each PERSON to whom the DOCUMENT was addressed or

sent, and the identity of each PERSON to whom a copy thereof was sent; and

(h) The identity of each PERSON who has custody of either the original or a copy of each such DOCUMENT.

3. YOU are requested to produce all responsive DOCUMENTS in YOUR actual or constructive possession or under YOUR control or in the actual or constructive possession or control of YOUR attorneys, employees, or agents, which were created during, or which refer or relate, to the relevant time period of this request.

4. A DOCUMENT shall be deemed to be in YOUR "control" if YOU have the right to secure the DOCUMENT or a copy thereof from another PERSON having possession or custody thereof.

5. If a DOCUMENT is responsive to a request for production and is in YOUR control, but is not in YOUR possession or custody, YOU are requested to identify the PERSON with possession or custody.

6. If ANY such DOCUMENT was at ANY time in YOUR possession, custody, or control, but is no longer in such possession, custody, or control, state whether such DOCUMENT is missing, lost, destroyed, discarded, or has been transferred, voluntarily or involuntarily, to ANY other PERSON or otherwise disposed of; describe the circumstances surrounding, and authorization given, if ANY, for such disposition; and identify the PERSON or PERSONS responsible for such disposition and the PERSON or PERSONS to whom such DOCUMENT was transferred, if ANY.

7. All DOCUMENTS shall be produced in the order and in the manner that they were or are kept in the ordinary course of business and shall be reproduced in their original file folders, binders, or other covers or containers, unless that is not possible. ANY DOCUMENTS which must be removed from their original folders, binders, or covers or containers in order to be produced shall be identified in a manner so as to clearly specify where such DOCUMENTS originated.

8. If a DOCUMENT cannot be produced in full, YOU are required to produce it to the extent possible, and specify what is being withheld and the reason it is being withheld.

9. The obligation to produce the DOCUMENTS requested herein is of a continuing nature; if, at any time after compliance, YOU should acquire possession, custody, or control of any additional DOCUMENTS coming within the scope of any of the individual categories of the REQUEST, YOU are requested to furnish such DOCUMENTS to the attorneys for GTE.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All contracts between AGIS and any company in California.

**REQUEST NO. 2:**

All DOCUMENTS REFERRING OR RELATING TO contracts between AGIS and any company in California.

**REQUEST NO. 3:**

All DOCUMENTS REFERRING OR RELATING TO software development of LIFERING by companies in California

**REQUEST NO. 4:**

All DOCUMENTS REFERRING OR RELATING TO software development of the HOUNDDOG by companies in California.

**REQUEST NO. 5:**

All DOCUMENTS REFERRING OR RELATING TO marketing of LIFERING by companies in California

**REQUEST NO. 6:**

All DOCUMENTS REFERRING OR RELATING TO marketing of the HOUNDDOG by companies in California.

**REQUEST NO. 7:**

All DOCUMENTS REFERRING OR RELATING TO contracts between Green Hills Software and AGIS.

**REQUEST NO. 8:**

All DOCUMENTS REFERRING OR RELATING TO the testing of LIFERING in California.

**REQUEST NO. 9:**

All DOCUMENTS REFERRING OR RELATING TO the testing of HOUNDDOG in California.

**REQUEST NO. 10:**

DOCUMENTS sufficient to show all sales of LIFERING to companies in California, including but not limited to the number of products and revenues earned from such sales.

**REQUEST NO. 11:**

DOCUMENTS sufficient to identify any customers who purchased LIFERING in California.

**REQUEST NO. 12:**

DOCUMENTS sufficient to show downloads of LIFERING in California, including the number of downloads and users who downloaded the LIFERING application.

**REQUEST NO. 13:**

DOCUMENTS sufficient to show downloads of HOUNDDOG in California, including the number of downloads and users who downloaded the HOUNDDOG application.

**REQUEST NO. 14:**

DOCUMENTS REFERRING OR RELATING TO communications between AGIS and any company in California, including but not limited to Green Hills Software.

**REQUEST NO. 15:**

All DOCUMENTS concerning the attendance by BEYER at any conferences, meetings, workshops, forums, speaking engagements, interviews, seminars, and/or events in California from January 1, 2013 to the present.

**REQUEST NO. 16:**

All DOCUMENTS sufficient to show any travel by BEYER to California from January 2013 to the present.

Date: April __, 2015

_____
Jaideep Venkatesan

Attorneys for Plaintiff
LIFE360, INC.