UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIFE360, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ADVANCED GROUND INFORMATION SYSTEMS, INC.,<br><br>　　　　Defendant. | Case No.  15-cv-00151-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**<br><br>[Re:  ECF 24] |

　　　　Plaintiff Life360, Inc. seeks leave to take limited jurisdictional discovery.  Defendant Advanced Ground Information Systems, Inc. opposes Plaintiff's motion.  The Court has determined that the motion is appropriate for disposition without oral argument.  *See* Case Management Order, ECF 35.  For the reasons discussed below, the motion is GRANTED.

**I.　BACKGROUND**

　　　　Plaintiff makes a mobile software application called Life360 Family Locator, which allows family members to view each other's locations on a map.  Defendant makes two lines of software products, a "LifeRing" line targeted for military, first responder, and law enforcement use, and a "HoundDog" line targeted for civilian use.  Defendant's LifeRing products allow military personnel to see each other's locations when they are deployed and allow first responders to see each other's locations when they are responding to an emergency.  It is unclear whether Defendant's HoundDog products also allow users to view each other's locations.  Plaintiff claims that its products and Defendant's products compete directly, that Defendant is losing that competitive race, and that Defendant has resorted to misusing its patent rights in order to drive Plaintiff out of the marketplace.  Plaintiff filed this lawsuit to stop that alleged misuse.

According to Plaintiff, Defendant has: falsely marked its products with patents that Defendant owns but that do not cover the products in question; sent Plaintiff a demand letter accusing Plaintiff of infringing Defendant's patents; filed a baseless patent infringement action against Plaintiff in in the Southern District of Florida ("Florida patent litigation"); and attempted to interfere with the relationship between Plaintiff and its investor ADT. Plaintiff filed the complaint in this action on January 12, 2015 and the operative first amended complaint on January 26, 2015. Plaintiff asserts claims against Defendant for: (1) false marking; (2) tortious interference with contract; (3) intentional interference with prospective economic relations; and (4) unfair competition.

Defendant, a Florida corporation, asserts that its products do not compete with Plaintiff's products and that it has no contacts with California that would subject it to this Court's personal jurisdiction. Defendant has filed a motion to dismiss for lack of service of process and lack of personal jurisdiction. That motion is set for hearing on June 25, 2015. Plaintiff has opposed the motion to dismiss substantively and also has filed a motion for leave to conduct jurisdictional discovery, which is opposed by Defendant. Plaintiff's motion initially was set for hearing on the same date as Defendant's motion. However, at a Case Management Conference held on April 30, 2015, the Court took Plaintiff's motion for jurisdictional discovery under submission without oral argument.

**II.  LEGAL STANDARD**

A district court has "broad discretion" to permit or deny discovery to aid in determining whether it has personal jurisdiction. *Butcher's Union Local No. 498 v. SDC Investment, Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (trial court has "broad discretion to permit or deny discovery"); *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977) ("A court may permit discovery to aid in determining whether it has in personam jurisdiction."). "Discovery should ordinarily be granted where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Butcher's Union*, 788 F.2d at 540 (quoting *Data Disc*, 557 F.2d at 1285 n.1). The Ninth Circuit has reversed for abuse of discretion when further discovery "might well" have established a basis for personal

jurisdiction. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. May 12, 2003).

However, denial of discovery "is not an abuse of discretion when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977). Nor is denial of a discovery request that is "based on little more than a hunch that it might yield jurisdictionally relevant facts." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). "[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (internal quotation marks and citation omitted) (alteration in original).

### III. DISCUSSION

Defendant's motion to dismiss for lack of personal jurisdiction[1] is supported by a declaration of its Chief Executive Officer, Malcolm K. Beyer, Jr., who states that Defendant was incorporated in Florida and maintains its principal place of business in Jupiter, Florida. Beyer Decl. ¶ 3, ECF 19-2. Mr. Beyer also states that: Defendant is not registered to do business in California; has no offices in California; has no employees in California; does not do business in California; does not store documents in California; and has never made any sales in California. *Id.* ¶¶ 4-9. Finally, he states that to his knowledge "there has never been a purchase order for any of AGIS's software from an organization with a California address." *Id.* ¶ 10.

In opposition to the motion to dismiss, Plaintiff asserts among other things that Defendant has made its product available to California residents by download from its website and on the Google Play Store, although Plaintiff does not cite evidence for those assertions. *See* Pl.'s Opp. at 7, ECF 23. Plaintiff also asserts that Defendant actively has sold its software to governmental customers in California. *See* Pl.'s Opp. at 3, ECF 23. In support of that assertion, Plaintiff submits a declaration of its CEO, Chris Hulls, attached to which are a number of documents. *See*

---

[1] Defendant's motion to dismiss for lack of service of process is not addressed herein because it is not relevant to Plaintiff's motion for jurisdictional discovery.

1   Hulls Decl., ECF 26-6.  The first document is a transcript of the March 2015 trial testimony of
2   Defendant's President, Sandel Blackwell, from the Florida patent litigation.  *See* Hulls Decl. Exh.
3   A, Blackwell Tr. Testimony, ECF 23-7 & 23-8.  When asked whether Defendant ever received
4   positive feedback from customers, Mr. Blackwell stated that the Joint Tactical Networking Center
5   was "really happy how LifeRing" worked during exercises that took place across locations that
6   included San Diego, California.  *Id.* at 146.  The second document is a December 2012 letter from
7   the Department of Defense, Joint Tactical Networking Center, located in San Diego, California,
8   praising LifeRing's performance during field testing.  *See* Hulls Decl. Exh. B, Letter, ECF 23-9.
9   The third document is Defendant's February 2014 Newsletter, available on Defendant's website,
10  discussing Defendant's participation in field tests at Camp Roberts, California.  *See* Hulls Decl.
11  Exh. C, Newsletter, ECF 23-10.  The newsletter describes "staff members packing their bags and
12  hitting the road to demonstrate LifeRing," and specifically mentions Defendant's participation at a
13  testing event at the Naval Post Graduate School's facility located at the California National
14  Guard's Camp Roberts.  *Id.*  The fourth document is what appears to be a November 2013 press
15  release announcing that a company called Green Hills Software would be exhibiting LifeRing at a
16  November 2013 event in San Diego, California.  *See* Hulls Decl. Exh. D, Press Release, ECF 23-
17  11.  Plaintiff contends that this evidence establishes that Defendant markets and sells its LifeRing
18  products in California, and thus that Defendant has sufficient minimum contacts with California to
19  make this Court's exercise of personal jurisdiction reasonable.

20  In reply to Plaintiff's opposition to its motion to dismiss, Defendant submits a second
21  declaration of its CEO, Mr. Beyer, who admits that Defendant participates in field tests of
22  LifeRing in California at the request of the United States Military.  Beyer Reply Decl. ¶ 14, ECF
23  26-1.  However, Mr. Beyer denies the bulk of Plaintiff's asserted jurisdictional facts, stating that:
24  Defendant "sells no products in California"; Defendant's products are not available for purchase
25  through its website; Defendant's HoundDog product is available for download on the Google Play
26  Store, but Mr. Beyer is not aware that anyone in California actually has downloaded it; Defendant
27  did not sell LifeRing to a governmental entity in California, but rather sold it to the Department of
28  Defense in Norfolk, Virginia, which then deployed it to California; and Defendant does not

employ Green Hills Software to market its products. *Id.* ¶¶ 3, 5-6, 10, 13, 15.[2]

After reviewing all of the record evidence, the Court remains unclear as to the nature and extent of Defendant's contacts with California. Plaintiff has presented evidence of, and Defendant admits to, LifeRing's field testing in San Diego, California. It appears that LifeRing was displayed at a trade show in California. However, the Court cannot tell whether this evidence indicates isolated, sporadic contacts with California or regular, purposeful marketing of Defendant's products in California. Moreover, the Court cannot tell whether any sales or downloads actually have occurred in California. Accordingly, the Court will exercise its broad discretion to permit limited jurisdictional discovery to aid it in determining whether it has personal jurisdiction over Defendant. *See Butcher's Union*, 788 F.2d at 540 (trial court ordinarily should exercise its "broad discretion" to permit discovery where jurisdictional facts are controverted or "'where a more satisfactory showing of the facts is necessary.'" *Butcher's Union*, 788 F.2d at 540 (quoting *Data Disc*, 557 F.2d at 1285 n.1).

The present action is distinguishable from the authorities relied upon by Defendant, in which the record evidence was undisputed and the requests for jurisdictional discovery were supported only by bare allegations of jurisdictional contacts. *See, e.g., Getz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir. 2011) ("Plaintiffs fail to identify any specific facts, transactions, or conduct that would give rise to personal jurisdiction."); *Barantsevich v. VTB Bank,* 954 F. Supp. 2d 972, 998 (C.D. Cal. 2013) (in light of defendants' uncontroverted evidence regarding lack of contacts with forum state, plaintiff's "bare assertions are unsupported by evidence and too speculative to support a grant of jurisdictional discovery"); *Michael v. New Century Fin. Servs.*,

---

[2] Plaintiff raises substantive objections to certain paragraphs of Mr. Beyer's reply declaration and also raises a more general procedural objection that the reply declaration contains new evidence. *See* Pl.'s Obj., ECF 29. The purported new evidence – for example, that Defendant participates in field testing at the request of the United States Military – is submitted directly in response to evidence and arguments presented by Plaintiff in its opposition to Defendant's motion. Only one of the declaration statements referenced in this order is objected to on substantive grounds: Plaintiff argues that Mr. Beyer's statement that he was not aware that anyone in California actually has downloaded HoundDog is inadmissible because Mr. Beyer has not established personal knowledge regarding the matter. However, as Defendant's CEO, Mr. Beyer would be expected to have knowledge regarding Defendant's sales. Accordingly, for purposes of the present motion, Plaintiff's evidentiary objections are OVERRULED.

No. 13-cv-03892-BLF, 2014 WL 4099010, at *4 n.1 (Aug. 20, 2014) (finding that plaintiff had failed to outline the scope of proposed discovery or to "provide the Court with clear reasons how such discovery would allow them to demonstrate sufficient business contacts with California to establish general jurisdiction").  Here, Plaintiff has presented evidence of some contacts with California.  The Court concludes that the evidence is sufficient to raise questions regarding the nature and extent of those contacts.

Plaintiff requests the following discovery:  (1) sixteen requests for production of documents; (2) nine interrogatories; and (3) a deposition of Defendant limited to the issue of Defendant's contacts with California.  The Court concludes that those requests are appropriately limited and tailored to the issue at hand.  At the Case Management Conference held on April 30, 2015, the parties indicated that this discovery could be taken well in time to permit Plaintiff to supplement its response to Defendant's motion to dismiss prior to the hearing on that motion, which is scheduled for June 25, 2015.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Plaintiff's motion for leave to conduct jurisdictional discovery is GRANTED; and

(2) Such discovery shall be limited to:

    (a) sixteen requests for production of documents;

    (b) nine interrogatories; and

    (c) a deposition of Defendant limited to the issue of Defendant's contacts with California.

Dated: May 5, 2015

BETH LABSON FREEMAN
United States District Judge